*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

HOWARD KERMIT MEAD,

       Defendant-Appellant.

UNPUBLISHED
August 29, 2019

No. 341688
Jackson Circuit Court
LC No. 16-004746-FH

Before: STEPHENS, P.J., and GLEICHER and BOONSTRA, JJ.

BOONSTRA, J. (*concurring in part and dissenting in part*).

I concur with the majority's affirmance of defendant's convictions. I respectfully dissent, however, from the majority's vacating of defendant's out-of-guidelines[1] sentence. Because I believe the trial court articulated sufficiently detailed reasons to facilitate appellate review of the sentence imposed, and because I conclude that the sentence imposed was reasonable, I would affirm defendant's sentence.

The majority concludes that the trial court did not sufficiently explain why the out-of-guidelines sentence it imposed was more proportionate than a sentence within the minimum sentencing guidelines range and did not adequately articulate reasons for the length of the

---

[1] Historically, minimum sentences that exceeded the range of sentences recommended by the sentencing guidelines have been referred to as "departure sentences." The majority continues to use that phrasing. However, in light of the fact that the sentencing guidelines are now advisory (although still relevant to a trial court's sentencing determination), I believe it more accurate to refer to the challenged sentence as an "out of guidelines sentence" because the framework for reviewing such sentences post-*People v Lockridge*, 498 Mich 358, 365; 870 NW2d 502 (2015), differs significantly from that which existed when the sentencing guidelines were mandatory. See *People v Lampe*, ___ Mich App ___, ___; ___ NW2d ___ (2019) (Docket No. 342325) (BOONSTRA, J., concurring), slip op at 1-2, lv pending; see also *People v Odom*, ___ Mich App ___, ___; ___ NW2d ___ (2019) (Docket No. 339027), slip op at 1, 3, 8 (referring to the defendant's sentence as an "out-of-guidelines sentence").

sentence imposed. I disagree both with the majority's framing of the question and with its conclusion.

Challenges to the proportionality of a defendant's sentence must be reviewed for reasonableness. *People v Lockridge*, 498 Mich 358, 365; 870 NW2d 502 (2015). We review for an abuse of discretion the reasonableness of a trial court's out-of-guidelines sentence. *People v Steanhouse*, 500 Mich 453, 471; 902 NW2d 327 (2017). An abuse of discretion exists if the results are outside the range of reasoned and principled outcomes. *People v Feezel*, 486 Mich 184, 192; 783 NW2d 67 (2010).

When reviewing an out-of-guidelines sentence for reasonableness, we must review "whether the trial court abused its discretion by violating the principle of proportionality set forth in [*People v Milbourn*, 435 Mich 630, 461 NW2d 1 (1990)]." *Steanhouse*, 500 Mich at 477. A trial court abuses its discretion "in applying the principle of proportionality by failing to provide adequate reasons for the extent of the [out-of-guidelines] sentence imposed . . . ." *Id*. at 476. However, our Supreme Court has cautioned us that the principal of proportionality does not require a trial court to "sentence defendants with mathematical certainty." *People v Smith*, 482 Mich 292, 311; 754 NW2d 284 (2008). "Nor are any precise words necessary" for a trial court to justify a particular out-of-guidelines sentence; rather, the trial court's reasoning must be "sufficiently detailed to facilitate appellate review." *Id*. Our Supreme Court has held that the sentencing guidelines are now "advisory only," *Lockridge*, 498 Mich at 365, or "merely advisory." *Id*. at 395 n 31.[2] To be sure, they "remain a highly relevant consideration in a trial court's exercise of sentencing discretion that trial courts must consult and take . . . into account when sentencing." *Id*. at 391. But our Supreme Court has emphasized that "the key test is whether the sentence is proportionate to the seriousness of the matter, not whether it departs from or adheres to the guidelines' recommended range." *Steanhouse*, 500 Mich at 475, quoting *Milbourn*, 435 Mich at 661. And the Court has specifically disavowed "dicta in our proportionality cases [that] could be read to have urg[ed] that the guidelines should almost always control" and that thus could be interpreted as "creating an impermissible presumption of unreasonableness for sentences outside the Guidelines range." *Steanhouse* 500 Mich at 474 (quotation marks and citations omitted; second alteration in original). The *Steanhouse* Court also specifically disavowed the statement in *Milbourn* that out-of-guidelines sentences should " 'alert the appellate court to the possibility of a misclassification of the seriousness of a given crime by a given offender and a misuse of the legislative sentencing scheme.' " *Id*., quoting *Milbourn*, 435 Mich at 659. "Rather than impermissibly measuring proportionality by reference to deviations from the guidelines, our principle of proportionality requires 'sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender.' " *Steanhouse* 500 Mich at 474, quoting *Milbourn*, 435 Mich at 636. See also *People v Walden*, 319 Mich App 344, 352; 901 NW2d 142 (2017); *People v Dixon-Bey*, 321

---

[2] Indeed, the Supreme Court has subsequently reiterated those descriptions and has additionally referred to the sentencing guidelines as "fully advisory," "purely advisory," "advisory *in all applications*," and "advisory in all cases." *Steanhouse,* 500 Mich at 459, 466, 469, 470; see also *Lampe*, __ Mich App at __, slip op at 1-2, n 2 (BOONSTRA, J., concurring).

Mich App 490, 532-533; 909 NW2d 458 (2017) (BOONSTRA, J., concurring in part and dissenting in part).

Many factors may be relevant to a sentence's proportionality, including but not limited to:

> (1) the seriousness of the offense; (2) factors that were inadequately considered by the guidelines; and (3) factors not considered by the guidelines, such as the relationship between the victim and the aggressor, the defendant's misconduct while in custody, the defendant's expressions of remorse, and the defendant's potential for rehabilitation. [*People v Lawhorn*, 320 Mich App 194, 207; 907 NW2d 832 (2017).]

Additionally, "specific characteristics of an offense and an offender that strongly presage future criminal acts" may justify an out-of-guidelines sentence, especially "if they are not already adequately contemplated by the guidelines." *People v Horn*, 279 Mich App 31, 45; 755 NW2d 212 (2008). "Although a trial court's mere opinion or speculation about a defendant's general criminal propensity is not, in itself, an objective and verifiable factor, objective and verifiable factors underlying that conclusion or judgment are not categorically excluded as proper reasons for an upward departure." *Id*. at 45. A trial court may consider a defendant's criminal history, his failure to rehabilitate, and the concern for the protection of society. *Id*. at 45-46; see also *Dixon-Bey*, 321 Mich App at 525 n 9.

Here, defendant was convicted of OWI-III. MCL 257.625(1), (9)(c). His recommended minimum sentencing guidelines range was 0 to 22 months. In imposing its out-of-guidelines sentence, the trial court stated:

> The court has taken into consideration the information contained within the presentence report as well as the comments today. The court has reviewed the presentence report, your prior history. I will note that the author noted that you've been afforded virtually every resource available through the State of Michigan in the County of Jackson, yet continues to abuse alcohol and drive a motor vehicle.
>
> I also noted that you've had multiple attempts at treatments and services: Harbor Hall, Scram, SAI, KPEP, CPI and yet this as your seventh drunk driving with a .33 blood alcohol level. It's unfortunate. I understand this is all about alcohol and this is all about your substance abuse disorder and where it has led you. But I also know for certain that the community isn't safe if you're out in it. So I think the sentence warranted today is in excess of the guidelines.

Although the majority states that the trial court did not explain how or why the guidelines inadequately accounted for defendant's recidivism, and did not adequately differentiate defendant from other repeat drunk drivers, I believe the record demonstrates otherwise. The trial court considered defendant's repeated driving-while-intoxicated offenses, defendant's multiple failed attempts at treatment for his alcohol abuse issues, and defendant's failure to rehabilitate after being provided "virtually every resource" and alternative to incarceration available.

Therefore, although the trial court could have imposed a minimum sentence within the guidelines or an intermediate sanction short of prison time,[3] the trial court recognized that such a sentence would be futile at best and dangerous to defendant and others at worst; the trial court further noted that, despite having received treatment and services in connection with previous sentences for drunk driving, defendant's blood alcohol level after his most recent offense was extremely high. Yet, defendant made the decision to drive despite being seriously impaired.[4] I believe the trial court's stated reasoning, although brief, adequately reflects why it imposed an out-of-guidelines sentence, i.e., that defendant's repeated failures to address his substance abuse issues required that, for a period of time longer than the guidelines would recommend, he not be given the opportunity to operate a vehicle while intoxicated. While the majority is correct that defendant's conduct is of the same *type* as that of other repeat drunk drivers, I believe the trial court adequately noted the unusual *severity* of defendant's conduct and the corresponding risk to the community, as well as defendant's particular resistance to learning from any of his previous convictions or benefitting from any of the alternative services provided.

The trial court did not impose an out-of-guidelines sentence based on its mere speculation or subjective belief regarding defendant's likelihood of recidivism or the concern for public safety. *Horn*, 279 Mich App at 45. Rather, the trial court properly considered defendant's criminal history and the courts' prior unsuccessful attempts at rehabilitation, and determined and adequately articulated that defendant's six prior drunk driving convictions, and the related and unsuccessful attempts to afford treatment to him, had not deterred him from repeatedly committing the same or similar offenses at an extreme level of intoxication. Therefore, I would hold that the trial court sufficiently articulated why it imposed the out-of-guidelines sentence, and further that the trial court acted within its discretion and imposed a reasonable sentence, *Lockridge*, 498 Mich at 365, that was proportionate to the seriousness of the circumstances surrounding the offense and the offender, *Steanhouse*, 500 Mich at 460. See also *Walden*, 319 Mich App at 353-354; *Horn*, 279 Mich App at 44-45. I would affirm.

/s/ Mark T. Boonstra

---

[3] If the upper limit of a defendant's guidelines range is more than 18 months, and the lower limit is 12 months or less, the defendant's sentence range is in a "straddle cell" and "the sentencing court may elect either to sentence the defendant to a prison term with the minimum portion of the indeterminate sentence within the guidelines range or impose an intermediate sanction," absent the sentencing court deciding to impose an out-of-guidelines sentence. *People v Harper*, 479 Mich 599, 617; 739 NW2d 523 (2007). Intermediate actions include such sanctions as a jail term of 12 months or less, probation, substance abuse treatment, house arrest, or community service. *Id.* at 618.

[4] Defendant's BAC was nearly double the level required to reach the level of intoxication that may receive additional punishment under MCL 257.625(6). This level of intoxication is sometimes colloquially referred to as "super drunk." See John Counts, *Everything you need to know about Michigan's "super drunk" driving law*, https://www.mlive.com/news/ann-arbor/2015/11/everything_you_really_need_to.html (last visited May 02, 2019).